KINSEY CO. v. HALL, Rec.

Ohio Appeals, 1st Dist., Hamilton Co.

Decided Jan. 14, 1924

276. CONDITIONAL SALES—A vendor under a conditional sale, who allows goods to remain with purchaser without attempting to enforce conditions of contract, waives condition precedent to passing of title.

BY THE COURT.

Trial in this case was predicated on the intervening petition of the E. A. Kinsey Company and the answer of W. H. Hall, receiver of the Laminated Metal Products Co.

An agreed statement of facts set forth that the Products Co. ordered certain machinery from the Kinsey Co. and agreed orally to sign and deliver to the Kinsey Co. conditional sales agreements, together with notes secured by such conditional sales agreements. It was further agreed that the Products Co. received and installed the machinery up to the time the receiver was appointed; but that neither the conditional sales agreements or notes secured thereby were executed; nor were the initial cash payments made though same were frequently demanded.

The record further showed that from the time of the last delivery of machinery in 1921 until the appointment of the receiver, the Kinsey Co. had never sought the return of the goods, nor had the payments been made or the conditional sales and notes been executed. The judgment in the Hamilton Common Pleas was in favor of the receiver; and upon error being prosecuted, the Kinsey Co. contended that there never having been an express waiver, until the payments were made and note and conditional sales agreements executed, no property rights would pass to the purchaser. The Court of Appeals held:

1. Conditions precedent to the passing of title may be waived; and whether or not the course of conduct of the Kinsey Co. constitute a waiver is a question of fact.

2. A seller may lose his right to insist on the condition by a failure to reclaim the goods for an unusual length of time.

3. The lower court apparently found that by allowing the property to be used and to remain with the Products Co. for over a year without attempting to enforce the conditions of the contract or to recover specific property constituted a waiver and made the Kinsey Co. a general creditor.

4. Under 8568 GC. a sales agreement reserving title in the vendor is void as against creditors unless it is in writing, signed by the purchaser, contains a sworn statement by vendor of the amount of the claim and deposited with the county recorder.

5. No such agreements were executed or filed.

Judgment therefore affirmed.

Attorneys—Gatch, McLaughlin, & Gatch for Kinsey Co.; Black & Burtner for Hall; all of Cincinnati.